[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-12873
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-03469-SDG

WILLIAMS, SCOTT & ASSOCIATES LLC, et al.,

Plaintiff,

JOHN T. WILLIAMS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 1, 2021)

Before LAGOA, BRASHER, and BLACK, Circuit Judges.

PER CURIAM:

John Williams, proceeding *pro se*, appeals the dismissal of his amended complaint brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq*.  Williams asserts he pleaded plausible facts to show there was a conspiracy among federal judges, agents, and lawyers to alter or falsify documents, including warrants, to seize $25,000.00 from his company's bank account.

We review a district court's dismissal of a complaint that was filed *in forma pauperis* (IFP) as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i) for an abuse of discretion.  *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002).  Section 1915(e) of the Prison Litigation Reform Act provides that any IFP action shall be dismissed "at any time if," in relevant part, it "is frivolous."  28 U.S.C. § 1915(e)(2)(B)(i).  We hold "the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers."  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014).  However, "this leniency does not give [us] license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Id*. at 1168-69 (quotations omitted).  Further, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned."  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

As an initial matter, Williams fails to address the district court's dispositive finding that his amended complaint was a shotgun pleading.  Accordingly, we affirm the district court's dismissal on this basis.  *See Sapuppo v. Allstate Floridian*

2

*Ins. Co.*, 739 F.3d 678, 682-83 (11th Cir. 2014) (explaining we can affirm on the ground that the appellant has abandoned any arguments regarding the district court's dispositive holdings, even if the district court's holdings are in the alternative).

In any event, the district court did not abuse its discretion in dismissing the amended complaint as frivolous. Williams's naked assertions of a conspiracy involving more than a dozen federal agents, judges, and lawyers, without any sufficient supporting factual allegations to allege a plausible claim, is the type of fanciful complaint the frivolity screening seeks to reject. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (stating a claim is factually frivolous "only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional" (citations and quotations omitted)); *see also Phillips v. Mashburn*, 746 F.2d 782, 783, 785 (11th Cir. 1984) (upholding the district court's dismissal without prejudice of an IFP 42 U.S.C. § 1983 complaint as frivolous when it presented merely a "naked assertion of a conspiracy between a state judge and private defendants without supporting operative facts"). The district court did not abuse its discretion in dismissing the amended complaint as frivolous because its factual contentions were pure conjecture and baseless, as Williams failed to support his numerous accusations of falsified court documents and records, forged signatures, and untimely account freezes with any factual

3

allegations other than conclusory and dubious statements. *See Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (stating § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" (quotations omitted)); *Napier*, 314 F.3d at 531 (explaining a claim is frivolous if it is without arguable merit in either fact or law).

**AFFIRMED**.